Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for Defendant
JAMES N. KANAVOS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>v.<br><br>JAMES N. KANAVOS,<br><br>    Defendant. | Case No. SA CR 14-0063-AG<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br> (Declaration of Thomas H. Bienert, Jr. filed concurrently herewith)<br><br>Date:     To Be Set By Court<br>Time:    To Be Set By Court<br>Judge:   Honorable Andrew J. Guilford<br>Place:    Courtroom 10D<br>           Ronald Reagan Federal Building<br>           751 W. Santa Ana Blvd<br>           Santa Ana, CA 92701 |

**TO THE UNITED STATES DISTRICT COURT, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be determined, in Courtroom 10D of the Ronald Reagan Federal Building & U.S. Courthouse, located at 751 W. Santa Ana Blvd, Santa Ana, CA 92701, Thomas H. Bienert, Jr. and the law firm Bienert, Miller & Katzman, PLC (collectively, the "Firm"), will move this Court for an order authorizing the Firm to withdraw as counsel for Defendant James N. Kanavos ("Mr. Kanavos").

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Thomas H. Bienert, Jr., filed concurrently herewith, all matters on the record in this case, all matters of which this Court may take judicial notice, and such other additional oral and documentary evidence as may be presented in advance of and at the hearing on this Motion.

Dated: April 6, 2017                    Respectfully submitted,

                                        BIENERT, MILLER & KATZMAN, PLC

                                        */s/ Thomas H. Bienert, Jr. /s/*
                                        Thomas H. Bienert, Jr.
                                        Attorney for Defendant
                                        JAMES N. KANAVOS

**MEMORANDUM OF POINTS AND AUTHORITY**

Thomas H. Bienert, Jr. and the law firm of Bienert, Miller & Katzman (collectively "the Firm") are counsel of record for Defendant James N. Kanavos ("Mr. Kanavos") in this action. Pursuant to Local Criminal Rule ("L.Cr.R") 44-1, the Firm seeks leave of court to withdraw as counsel for Mr. Kanavos.

**I.   STATEMENT OF RELEVANT FACTS**

Mr. Kanavos pleaded guilty on August 18, 2014 to one count of wire fraud based on his involvement in a purported "high yield investment program." (Bienert Decl. ¶ 2.) On June 4, 2015, Mr. Kanavos was sentenced to 30 months in prison, and ordered to pay restitution and a special assessment. (Bienert Decl. ¶ 3.) Mr. Kanavos was represented throughout the pendency of this matter by the Firm under a retainer agreement dated May 12, 2014. The scope of the retainer agreement in this matter was limited. The retainer agreement did not include post-trial or post-sentencing representation, and Mr. Kanavos was advised in the agreement that should the scope of the representation need to change or expand beyond pretrial matters, a mutually agreeable adjustment of the retainer agreement would be necessary. (Bienert Decl. ¶ 4.) No such adjustment has been negotiated or reached between The Firm and Mr. Kanavos, and no other agreements between the parties exist. (Bienert Decl. ¶ 5.) Further, Mr. Kanavos has not complied with all material terms of the retainer agreement. (Bienert Decl. ¶ 6.)

On April 3, 2017, Mr. Bienert received an email from Lisa Bredahl, Courtroom Deputy to the Honorable Andrew J. Guilford, requesting dates in April for a preliminary revocation hearing in this matter. (Bienert Decl. ¶ 7.) As this preliminary hearing goes beyond the scope of the agreed-to representation by the Firm in this matter, and because Mr. Kanavos has not complied with all material terms of the retainer agreement, the Firm requests an order authorizing the Firm to withdraw as counsel for Mr. Kanavos. (Bienert Decl. ¶ 8.) The Firm has advised Mr. Kanavos of the Firm's filing of this Motion, both telephonically and by certified mail. (Bienert Decl. ¶ 9, 10.)

## II. ARGUMENT

### A. Standards For Withdrawal of Counsel

Pursuant to L.Cr.R 44-1, "[a]n attorney, whether appointed or retained, may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."

Withdrawal in federal courts located in California is governed by the California Rules of Professional Conduct ("CRPC"). *See Moore v. United States*, 2008 WL 1901322, at *2 (E.D. Cal. 2008). The CRPC provide, in relevant part:

> (A) In General.
> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.
> . . .
> (C) Permissive Withdrawal.
> If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
> (1) The client
> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
> (b) seeks to pursue an illegal course of conduct, or
> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or

> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
> (f) breaches an agreement or obligation to the member as to expenses or fees.
>
> (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or
> (3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or
> (4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or
> (5) The client knowingly and freely assents to termination of the employment; or
> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

CRPC 3-700(A)-(C).

In addition to the foregoing, the American Bar Association's Model Rule of Professional Conduct 1.16(b) provides that withdrawal of representation is appropriate where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," as well as if "other good cause for withdrawal exists."

**B.     The Court Should Permit Mr. Bienert and the Firm to Withdraw**

As explained in the concurrently filed Declaration of Thomas H. Bienert, Jr., withdrawal is necessary and permissible in this case. The scope of the retainer agreement does not cover alleged probation violations. Mr. Kanavos was advised in the agreement that should the scope of the representation need to change or expand beyond pretrial matters, a mutually agreeable adjustment of the retainer agreement would be necessary. No such adjustment has been negotiated or reached between The Firm and Mr. Kanavos, and no other agreements between the parties exist. Further, Mr. Kanavos has not complied with all material terms of the retainer agreement.

The Firm has also complied with the requirements set forth in L.Cr.R 44-1. On April 5, 2017, the Firm advised Mr. Kanavos by telephone of the Firm's intent to file this Motion, and on April 6, 2017, the Firm provided notice of this Motion to Mr. Kanavos by certified mail. The Firm has served a copy of the Motion and related documents on Mr. Kanavos (and all parties entitled to notice and service) concurrently with the filing of the same. The Firm has done everything it can to ensure that Mr. Kanavos is not unduly prejudiced by the Firm's withdrawal.

### III. CONCLUSION

For the foregoing reasons, good cause exists to grant this Motion. Accordingly, the Court should enter an order authorizing Mr. Bienert and the Firm to withdraw as counsel for Mr. Kanavos effective the date of the hearing on this motion.

Dated: April 6, 2017

Respectfully submitted,

BIENERT, MILLER & KATZMAN, PLC

*/s/ Thomas H. Bienert, Jr. /s/*
Thomas H. Bienert, Jr.
Attorney for Defendant
JAMES N. KANAVOS